THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CR-138-FL
No. 7:14-CV-131-FL

| | |
|---|---|
| ROBERT TODD MARSH, ) | |
| ) | |
| Petitioner, ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the motion of Robert Todd Marsh ("Petitioner") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-33] and the Government's motion to dismiss [DE-37], to which Petitioner filed a response in opposition [DE-40]. The time for responding to the pending motions has expired; accordingly, the motions are ripe for review. These motions were referred to the undersigned and are considered here as a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1). For the reasons stated below, it is recommended that the Government's motion to dismiss be allowed and Petitioner's § 2255 motion be denied.

## I. BACKGROUND

On February 14, 2013, Petitioner pled guilty pursuant to a written plea agreement to a one-count criminal information charging him with conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. [DE-9, -12]. As a part of the plea agreement, Petitioner agreed, *inter alia*, to

> waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range,

reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-12] ¶ 2.c. On September 19, 2013, the district court sentenced Petitioner to 131 months' imprisonment and five years' supervised release and entered judgment. [DE-26].

On April 21, 2014, Petitioner filed a motion to correct or amend his sentence [DE-28] and subsequently filed a motion to supplement [DE-30]. In response to the court's notice to Petitioner of its intent to recharacterize his motion as one under § 2255 [DE-31], Petitioner filed a consent to convert his previous filings [DE-32] and also filed the instant motion to vacate, set aside, or correct his sentence pursuant to § 2255 [DE-33]. On July 14, 2014, the Government filed a motion to dismiss the petition [DE-37], to which Petitioner filed a response in opposition [DE-40].

## II. STANDARD OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion or waiver of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

"[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). Where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, No. 7:05-CR-00097-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (unpublished) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

## B. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged

3

in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (internal quotation marks omitted)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### III. DISCUSSION

Petitioner asserts three grounds for relief in his § 2255 motion: (1) Petitioner's sentence is procedurally and substantively unreasonable in light of *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013) ("Claim One"); (2) the court erred in adopting the Presentence Report ("PSR") points calculation adding two points for sentences of unsupervised probation (PSR ¶¶ 18 & 23) ("Claim Two"); and (3) the court and prosecution erred by failing to follow the Department of Justice ("DOJ") and Attorney General's sentencing directive for nonviolent drug offenders, including those who had not been sentenced as of August 17, 2013 ("Claim Three"). Pet'r's Mem. [DE-33-1] at 4-8. The Government contends Petitioner's claims are procedurally defaulted, barred by the plea agreement, and not cognizable on collateral review (Claims One and Two) or fail on the merits (Claim Three). Gov't's Mem. [DE-38] at 2-6. In response to the Government's motion to dismiss, Petitioner reiterates his arguments and additionally argues that his counsel was ineffective for failing to bring the alleged errors to the court's attention. Pet'r's Resp. [DE-40] at 1-5.

A.  **Claim One: Procedural and Substantive Reasonableness in Light of *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013) and Related Claim of Ineffective Assistance of Counsel**

Petitioner first contends his sentence is procedurally and substantively unreasonable in light of *United States v. Davis*, 720 F.3d 215, 219-20 (4th Cir. 2013), in which the Fourth Circuit held that application of the advisory Sentencing Guidelines' career offender enhancement, § 4B1.1, requires separate sentences, rather than separate convictions. Pet'r's Mem. [DE-33-1] at 4-5. Petitioner also contends his counsel was ineffective for failing to object to the PSR based on *Davis*. Pet'r's Resp. [DE-40] at 4-5.

This court has previously held that *Davis* does not apply retroactively on collateral review. *See Eley v. United States*, No. 5:11-CR-374-D, 2014 WL 4199241, at *2 (E.D.N.C. Aug. 22, 2014) (unpublished); *Dawson v. United States*, No. 5:06-CR-61-FL, 2014 WL 3018222, at *2 (E.D.N.C. July 3, 2014) (unpublished), *appeal dismissed*, 586 F. App'x 114 (4th Cir. 2014). Additionally, *Davis* addressed application of the career offender guideline, 720 F.3d at 219-20, and Petitioner was not sentenced as a career offender, PSR [DE-16] ¶ 66. Finally, even assuming *Davis* is applicable, it provides no relief in this case.

Petitioner alleges he received consolidated/concurrent sentences for the convictions addressed in the PSR at paragraphs 19, 24, 30, and 31 and that he should not have received criminal history points for these consolidated sentences. Pet'r's Mem. [DE-33-1] at 4. Under the Sentencing Guidelines, criminal history points are calculated as follows:

> Under § 4A1.1(a), three criminal history points are scored "for each prior sentence of imprisonment exceeding one year and one month." Under § 4A1.2(k), in the case of a prior revocation of probation, as occurred here, the court must "add the original term of imprisonment to any term of imprisonment imposed upon revocation," and the resulting total is used to compute the criminal history points under § 4A1.1(a)[,

5

(b), or (c), as applicable]. The term "sentence of imprisonment" refers to the "maximum sentence imposed" and refers "only to the portion that was not suspended." § 4A 1.2(b).

*Hicks v. United States*, No. 7:09-CR-9-FL, 2014 WL 1795155, at *2 (E.D.N.C. May 6, 2014) (unpublished) (internal footnote omitted), *appeal dismissed*, 585 F. App'x 217 (4th Cir. 2014).[1]

The PSR indicates that Petitioner received separate sentences, imposed on separate days, for each conviction under North Carolina state law: (1) Embezzlement (F) No. 90CRS10504, Embezzlement (F) No. 90CRS10624, to which Petitioner pleaded guilty on October 2, 1990 and received a sentence of 3 years' custody, suspended, and 5 years' probation, probation revoked on February 3, 1994 and received 3 years' custody, paroled September 1, 1994 (1 criminal history point assessed), PSR [DE-16] ¶ 19; (2) Breaking and Entering (F), Larceny After Breaking and Entering (F), No. 92CRS12417, to which Petitioner pleaded guilty on October 1, 1992 and received a sentence of 10 years' custody, suspended, and 5 years' probation, probation revoked on February 3, 1994 and received 10 years' custody, paroled September 1, 1994 (3 criminal history points assessed), *id.* ¶ 24; (3) Possession of Stolen Goods or Property (F), No. 93CRS1507, to which Petitioner pleaded guilty on March 24, 1994 and received a sentence of 4 years' custody, paroled September 1, 1994 (3 criminal history point assessed), *id.* ¶ 30; and (4) Possession of a Firearm by a Felon (F), No. 93CRS33371, to which Petitioner pleaded guilty on February 3, 1994 and received a sentence of 5 years' custody, paroled September 1, 1994 (3 criminal history point assessed), *id.* ¶ 31. The fact that Petitioner served revocation sentences related to the convictions at PSR paragraphs 19 and 24 concurrently with the active sentences for the convictions at paragraphs 30 and 31 does not mean that

---

[1] The court in *Hicks* was applying the 2009 edition of the Sentencing Guidelines. *Hicks*, 2014 WL 1795155, at *2 n.2. The 2012 edition was applied in this case, but there are no relevant, material changes in §§ 4A1.1(a), 4A 1.2(b), and 4A1.2(k) of the 2009 and 2012 editions.

each conviction is not scoreable. "For purposes of criminal history, '[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e. the defendant is arrested for the first offense prior to committing the second offense).'" *Hicks*, 2014 WL 1795155, at *3 (quoting U.S.S.G. § 4A1.2(a)(2)). Here, according to the PSR, Petitioner was arrested for Embezzlement on March 8, 1990, PSR [DE-16] ¶ 19, for Breaking and Entering on June 21, 1992, *id.* ¶ 24, for Possession of Stolen Goods on April 10, 1993, *id.* ¶ 30, and for Possession of a Firearm by a Felon on August 22, 1993, *id.* ¶ 31. Therefore, each offense was separated by an intervening arrest and properly scored separately. *See Hicks*, 2014 WL 1795155, at *3 (rejecting as meritless petitioner's argument that a conviction for which he received a custodial sentence on revocation of parole was not scoreable because he served the sentence concurrently with a sentence on another felony offense for which he was found guilty and received additional criminal history points).

The underlying state court documents submitted by Petitioner in support of this claim further demonstrate that these offenses were not consolidated for judgment, but rather that multiple judgments were entered. Pet'r's Mem., Exs. [DE-33-3] at 2-15; *see Davis*, 720 F.3d at 218 ("[W]hen a North Carolina court consolidates offenses for judgment, the outcome is a single judgment for which the length of the sentence is controlled by the maximum sentence for the most serious offense."). Moreover, the offenses that were consolidated were scored properly. For example, a copy of an ICA inquiry indicates Case No. 91CR046282 (PSR ¶ 21) was consolidated with Case No. 91CR049291 (PSR ¶ 22). Pet'r's Mem., Exs. [DE-33-3] at 4. Only the offense related to Case No. 91CR046282 was scored, and the offense related to Case No. 91CR049291 was not scored pursuant to Sentencing Guideline § 4A1.2(a)(2). PSR ¶¶ 21-22. Likewise, the judgment for Case Nos.

7

92CRS12417, 12418, and 12419 (PSR ¶¶ 24-26) indicates these cases were consolidated, Pet'r's Mem., Exs. [DE-33-3] at 5-7. Again, only the offense related to Case No. 92CRS12417 was scored, and the other two offenses were not scored pursuant to Sentencing Guideline § 4A1.2(a)(2). PSR ¶¶ 24-26. Accordingly, Petitioner's claim that his sentence is procedurally and substantively unreasonable in light of *Davis* fails both because *Davis* is not applicable retroactively on collateral review and because *Davis* would not change the result on the merits.

Petitioner, in his response to the Government's motion to dismiss, claims that his counsel was ineffective for failing to object to the PSR based on *Davis*. Pet'r's Resp. [DE-40] at 4-5. To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the petitioner must overcome a "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). As to the prejudice component, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697 (explaining "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "to address both components of the inquiry if the defendant makes an insufficient showing on one"). Where circumstances exist that are "so likely to prejudice the accused that the cost of litigating their effect is unjustified," such as a

complete denial of counsel or where the attorney fails to act as the government's adversary, prejudice is presumed and no independent showing is required. *United States v. Cronic*, 466 U.S. 648, 658-66 (1984).

Petitioner did not move to amend his § 2255 petition to assert this claim and amendment through argument in briefing is inappropriate. *See Albarran-Torres v. United States*, No. 7:10-CR-153-D, 2013 WL 2456554, at *3 (E.D.N.C. June 6, 2013) (unpublished) (concluding the court was not required to consider new grounds of ineffective assistance of counsel where petitioner "has not requested leave to amend his section 2255 motion, and he cannot amend his section 2255 motion via his response brief.") (citing *Snyder v. United States*, 263 F. App'x 778, 779-80 (11th Cir. 2008) (per curiam) (unpublished); *Hexion Specialty Chems., Inc. v. OakBark Corp.*, No. 7:09-CV-105-D, 2011 WL 4527382, at *7 (E.D.N.C. Sept. 28, 2011) (unpublished); *Equity in Athletics, Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D.Va. 2007)). Notwithstanding, Petitioner cannot state a claim for ineffective assistance of counsel based on counsel's failure to argue *Davis* at sentencing, because counsel is not deficient in failing to raise a meritless argument. *See Ford v. Polk*, No. 5:07-HC-2070-FL, 2008 WL 697462, at *11 (E.D.N.C. Mar. 14, 2008) (unpublished) ("Failure to raise a meritless claim does not fall below 'an objective standard of reasonableness.'") (citations omitted).

It is, therefore, recommended that Petitioner's claim based on *Davis* and the related ineffective assistance of counsel claim be dismissed.

## B. Claim Two: Points for Unsupervised Probation and Related Claim of Ineffective Assistance of Counsel

Petitioner also contends the court erred in adding one criminal history point each for two convictions for which he received suspended custodial sentences and unsupervised probation (PSR

9

¶¶ 18, 23) and that his counsel was ineffective for failing to object. Pet'r's Mem. [DE-33-1] at 5-6; Pet'r's Resp. [DE-40] at 4-5.

The Sentencing Guidelines provide that one point be added (up to four points) for each "prior sentence" not counted under § 4A1.1(a), a sentence of imprisonment exceeding one year and one month, or § 4A1.1(b), a sentence of imprisonment of at least sixty days. U.S.S.G. § 4A1.1(c). Thus, while subsections (a) and (b) of § 4A1.1 require "sentences of imprisonment," subsection (c) does not and refers only to a "prior sentence." *Id.* A "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt." *Id.* § 4A1.2. The unsupervised probation sentences at issue here fall squarely within § 4A1.1(c). *See Wright v. United States*, No. 5:09-CR-348-FL-1, 2014 WL 5034668, at *3 (E.D.N.C. Oct. 8, 2014) (rejecting argument that the court erred in awarding one criminal history point for a conviction for which petitioner received only a sentence of probation) (citing U.S.S.G. § 4A1.2 cmt. background ("Subsections (a), (b), and (c) of §4A1.1 distinguish confinement sentences longer than one year and one month, shorter confinement sentences of at least sixty days, and all other sentences, such as confinement sentences of less than sixty days, probation, fines, and residency in a halfway house.")). The case of *United States v. Lee*, 941 F.2d 571, 572-73 (7th Cir. 1991), cited by Petitioner, is distinguishable where it involved a probation violation warrant that had been outstanding for five years and never executed. Accordingly, the court did not err in adding one criminal history point each for the unsupervised probation sentence at paragraphs 18 and 23 of the PSR, and this claim lacks merit. Petitioner's claim that his counsel was ineffective for failing to object to the award of the two criminal history points likewise fails, because counsel is not deficient in failing to raise a meritless argument. *See Ford*, 2008 WL 697462, at *11.

10

Case 7:12-cr-00138-FL Document 46 Filed 10/28/15 Page 10 of 13

It is, therefore, recommended that Petitioner's claim based on the addition of two criminal history points for unsupervised probation sentences and the related ineffective assistance of counsel claim be dismissed.

C. **Claim Three: DOJ and the Attorney General's Sentencing Directive and Related Ineffective Assistance of Counsel Claim**

Petitioner contends that the court and prosecution erred by failing to follow what Petitioner terms a "sentencing directive" from DOJ and the Attorney General to prosecutors related to all defendants who had not been sentenced as of August 17, 2013. Pet'r's Mem. [DE-33-1] at 6-8. Specifically, Petitioner asserts that in August and September 2013, then Attorney General Eric Holder announced a new charging policy, to include defendants awaiting sentencing, not to pursue mandatory minimum sentences for nonviolent drug offenders. *Id.* & Ex. B at 11. Petitioner argues that he should have received the benefit of this new policy and been charged under 21 U.S.C. § 841(b)(1)(C) rather than § 841(b)(1)(A), and that his statutory guideline range would have been 0 to 20 years as opposed to 10 years to life. *Id.* at 7.

The Fourth Circuit has previously held that policing a prosecutor's compliance with internal DOJ protocols related to charging decisions is not the function of the courts.

> Our jurisprudence in this area rests on the basic precept that "a prosecutor's charging decision is presumptively lawful" and that "courts must . . . be cautious not to intrude unduly in the broad discretion given to prosecutors in making charging decisions." That the Department of Justice has developed an internal protocol for exercising discretion and channeling prosecutorial resources does not provide license for courts to police compliance with that protocol, and it is well established that . . . internal prosecutorial protocols do not vest defendants with any personal rights.

*United States v. Jackson*, 327 F.3d 273, 295 (4th Cir. 2003) (internal citations omitted). Petitioner's claim here that the prosecutor and the court erred in failing to apply a new DOJ sentencing policy

to Petitioner is, thus, meritless. Additionally, Petitioner's claim that his counsel provided ineffective assistance by failing to raise this issue likewise fails, because counsel is not deficient in failing to raise a meritless argument. *See Ford*, 2008 WL 697462, at *11.

It is, therefore, recommended that Petitioner's claim based on the DOJ sentencing policy and the related ineffective assistance of counsel claim be dismissed.

## IV. CONCLUSION

Based on the foregoing, it is RECOMMENDED that the Government's motion to dismiss [DE-37] be ALLOWED and Petitioner's § 2255 motion [DE-33] be DENIED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **November 16, 2015** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b). Any response to objections shall be filed by within **14 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written**

objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

SUBMITTED, this the 28 day of October 2015.

_____
Robert B. Jones, Jr.
United States Magistrate Judge