IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CR-138-FL-1
No. 7:14-CV-131-FL

| | |
|---|---|
| ROBERT TODD MARSH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence (DE 33) under 28 U.S.C. § 2255, and the government's motion to dismiss (DE 37), to which petitioner has filed a response in opposition. Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") (DE 46), wherein it is recommended that the court deny petitioner's § 2255 motion and grant respondent's motion to dismiss. Petitioner timely filed objections to the M&R, and in this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the recommendation of the M&R, and grants respondent's motion to dismiss.

## BACKGROUND

On February 14, 2013, petitioner pleaded guilty pursuant to a written plea agreement to a one-count criminal information charging him with conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. (DE 12). As part of the plea agreement, petitioner agreed to:

waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal

whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of Defendant's guilty plea.

(Plea Agreement, DE 12). On September 19, 2013, the district court sentenced petitioner to 131 months' imprisonment and five years supervised release. (DE 26).

On April 21, 2014, petitioner filed a motion to correct or amend his sentence, and subsequently filed a motion to supplement. (DE 28, 30). In response to the court's notice to petitioner of its intent to recharacterize his motion as one under § 2255, petitioner filed a consent to convert his previous filings and also filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (DE 31, 32, 33). On July 14, 2014, respondent filed a motion to dismiss the petition, to which petitioner filed a response in opposition.

**COURT'S DISCUSSION**

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or

2

in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.   Analysis

Petitioner makes two objections. First, petitioner argues that the magistrate judge erred in refusing to interfere with the US Attorney's internal policy. Second, petitioner argues that the magistrate judge erred in his findings related to the calculation of petitioner's criminal history points. Petitioner appends to this latter objection the claim that his counsel was ineffective for failing to raise the arguments petitioner now raises on point calculation. Petitioner does not object to the remainder of the magistrate judge's findings, and finding no clear error, the court adopts the remainder of the M&R.

    a.   Objection One:

Petitioner's first objection is a reassertion of count four of his motion to vacate, set aside, or correct his sentence. Petitioner contends that the Government failed to comply with an internal

3

sentencing directive, as described in a newspaper article. Petitioner does not raise any new legal arguments as to why the magistrate judge was incorrect. Instead, petitioner lays out a multitude of policy arguments to support assertions that the Attorney General has the power to issue a directive, the U.S. Attorney should have followed the directive, and the actions of the U.S. attorney were not in compliance with the directive. These policy arguments were cogently addressed in the M&R.

"Such internal prosecutorial protocols do not vest defendants with any personal rights." <u>U.S. v. Jackson</u>, 327 F.3d 273, 295 (4th Cir. 2003). While defendant asserts that unfortunate consequences may result if the internal policies of the department of justice are not followed, enforcing them is not within the power of the courts unless the decisions themselves are unlawful, rather than potentially noncompliant with internal protocols. <u>Id.</u>

  b. Objection Two: Calculation of Points

Petitioner claims that certain criminal history points should not have been assessed in calculating his criminal history category. This claim fails for the following reasons:

First, "a criminal defendant may waive his right to attack his conviction and sentence collaterally, as long as the waiver is knowing and voluntary." <u>United States v. Lemaster</u>, 403 F.3d 216, 220 (4th. Cir. 2005). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 Colloquy, and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." <u>United States v. Copeland</u>, 707 F.3d 522, 528 (4th Cir. 2013).

As part of his plea agreement, petitioner agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding ... excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct" not then known to petitioner. (Plea

4

Agreement, DE 12). The court questioned defendant regarding the waiver in a Rule 11 Colloquy, and the record indicates that defendant understood the full significance of the waiver. (DE 9). As such, the waiver is valid and bars petitioner's claim that his criminal history points were miscalculated.

Second, an "ordinary misapplication of the guidelines . . . does not amount to a miscarriage of justice" of the sort necessary to be cognizable on collateral review. U.S. v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999). The burden of proof is on petitioner to establish whether an error is a miscarriage of justice. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). As the petitioner in the instant case has not done so, the claim is not cognizable on collateral review.

Moreover, petitioner has procedurally defaulted on this claim. Procedural default prevents a petitioner from raising on collateral review claims that could have been raised on a direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,'" or on the basis of "actual innocen[ce]." Id. at 622-23 (quoting Murray v. Carrier, 477 U.S. 478, 485) (1986). Petitioner could have raised this argument on direct appeal, and as he did not, has procedurally defaulted.[1]

In any event, petitioner has not demonstrated an error in the calculation of his criminal history points.

Under the Sentencing Guidelines, three points are added "for each prior sentence of imprisonment exceeding one year and one month." Sentencing Guidelines Manual § 4A1.1(a). If

---

[1] While petitioner suggests that the argument could not have been raised during sentencing due to his reliance on United States v. Davis, this is incorrect as sentencing occurred on September 19, 2013, (DE 13) and Davis was decided on June 24, 2013. United States v. Davis, 720 F.3d 215 (4th Cir. 2013).

5

part of the sentence of imprisonment was suspended, the tern "sentence of imprisonment" refers to the only to the portion not suspended. § 4A1.2(b)(2).

Petitioner challenges the criminal history points related to the following convictions:

1. On October 01, 1992, petitioner pleaded guilty to a June 21, 1992, breaking and entering (F) No. 92CRS12417 and larceny (F), No. 94CRS5629, receiving a suspended sentence of ten years in custody, probation revoked on February 3, 1994, paroled September 1, 1994, pursuant to which petitioner was assessed three criminal history points. (PSR ¶ 24). These offenses were consolidated with those referred to in ¶¶ 25 and 26 of the PSR. (Id.).

2. On October 02, 1992, petitioner pleaded guilty to a December 5, 1989, count of embezzlement (F) No. 90CRS10504 and a March 6, 1990, count of embezzlement (F) No. 90CRS10624, receiving a suspended sentence of three years in custody, probation revoked on February 3, 1994, paroled September 1, 1994, pursuant to which petitioner was assessed one criminal history point. (PSR ¶ 19).

3. On March 24, 1994, petitioner pleaded guilty to possession of a firearm by a felon (F), No. 93CRS33371, receiving a sentence of five years in custody, paroled September 1, 1994, pursuant to which petitioner was assessed three criminal history points. (PSR ¶ 31).

4. On March 24, 1994, petitioner pleaded guilty to possession of stolen goods or property (F), No. 93CRS1507, receiving a sentence of four years in custody, paroled September 1, 1994, pursuant to which petitioner was assessed three criminal history

6

points. (PSR ¶ 30).

In his motion, petitioner argues that he should not have received criminal history points for the convictions referred to in ¶ 19, 24, 30, and 31 of the PSR, which he alleges were consolidated sentences pursuant to United States v. Davis. 720 F.3d 215 (4th Cir. 2013). As discussed in the M&R, Davis does not apply to this case. Davis dealt with the application of the career offender enhancement, § 4B1.1, which requires separate sentences. The career offender enhancement was not applied to petitioner, and his criminal history points were properly scored by convictions, not sentences.

Moreover, while these sentences were served concurrently, they arose from separate arrests and convictions, which Davis distinguished from "consolidated sentences" in which an offender is sentenced for multiple offenses simultaneously:

> Under North Carolina's statutory provision for "[m]ultiple convictions," where an individual is convicted of more than one offense, the general rule is that "all sentences of imprisonment run concurrently with any other sentences of imprisonment." There are two exceptions to this general rule. First, the court may impose a consecutive sentence by expressly specifying the sentence as such. Alternatively, the court may impose a consolidated sentence or judgment: "If an offender is convicted of more than one offense at the same time, the court may consolidate the offenses for judgment and impose a single judgment for the consolidated offenses."

Davis, 720 F.3d at 218 (internal citations omitted).

Finally, petitioner argues generally that counsel was ineffective for failing to raise these arguments with respect to sentencing error. To demonstrate ineffective assistance of counsel, petitioner must show that counsel's representation was objectively deficient, and that the deficient representation prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-688 (1984). There is a strong presumption that the challenged action "might be considered sound trial strategy."

7

Strickland v. Washington, 466 U.S. 668, 689 (1984). Id. at 689.

This argument fails for two reasons. First, petitioner's motion does not mention counsel in the context of Davis. Instead, petitioner's motion only discusses counsel in the context of count four, which related to the internal protocol addressed above. As discussed in the M&R, petitioner did not assert these grounds for ineffective assistance of counsel in his motion, and amendment through briefing is inappropriate. See Albarran-Torres v. United States, No.7:10-CR-153-D, 2013 WL 2456554, at *3 (E.D.N.C. June 6, 2013). Second, for the reasons previously discussed, counsel was not deficient in failing to pursue a claim based upon Davis, because the claim is without merit.

## CONCLUSION

Based on the foregoing reasons, upon de novo review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court ADOPTS the recommendation of the magistrate judge as set forth herein. The government's motion to dismiss (DE 37) is GRANTED, and petitioner's motion to vacate, set aside, or correct (DE 33) is DENIED. A certificate of appealability is DENIED, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of February, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge